**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA,**

  *Plaintiff*,

v.                                                    Case No.  **SA-21-CR-00404-JKP**

**HECTOR BARRETO,**

  *Defendant*.


**MEMORANDUM OPINION AND ORDER**

On November 7, 2022, the Court conducted a hearing to consider Defendant's Motion to Continue Trial and Defendant's Motion to Dismiss the Indictment. ECF Nos. 105, 107. For the reasons discussed herein, the Court **GRANTS** Defendant's Motion to Continue Trial. ECF No. 105. A revised scheduling order will follow this order.

The Court further **DENIES** Defendant's Motion to Dismiss the Indictment. ECF No. 107. The Court's reasons for denying the motion are described in an order issued contemporaneously with this order.

In addition, for the reasons discussed in the hearing, the Court **DENIES** without prejudice Defendant's Motion for a *Daubert* Hearing on the Government's Expert Witness. ECF No. 103. The Court further **DENIES** as moot the Government's motion for leave to file a sur-reply, since the underlying motion is denied. ECF No. 115.

On the record, the Court notified the parties that it **DENIES** Defendant's Motion for Finding of Multiplicity as to Counts 1, 2, and 3 (ECF No. 92) and **DENIES** Defendant's Motion

to Dismiss Counts 4 and 5 (ECF No. 97). The Court's reasons for denying those motions are described in an order issued contemporaneously with this order.

In this order, the Court addresses Defendant's Motion to Continue Trial and Memorandum in Support of Motion to Continue Trial (ECF Nos. 105 and 105-1), the Government's Response (ECF No. 108), and Defendant's Reply (ECF No. 109). For the reasons set forth below, the Court grants the Motion to Continue Trial.

## BACKGROUND

Defendant is charged with Conspiracy to Commit Wire Fraud, Conspiracy to Commit Money Laundering, Conspiracy to Launder Monetary Instruments, and Conspiracy to Defraud the United States. ECF No. 56. On September 6, 2022, Defendant filed a Motion to Continue trial. On September 9, 2022, the Court held a hearing and granted the motion. On September 13, 2022, the Court issued a detailed scheduling order and set the case for trial on December 4, 2022. ECF No. 95. On October 27, 2022, Defendant filed his current Motion to Continue Trial. ECF No. 105. Due to the fast-approaching trial date, the Court ordered the Government to respond to the motion by November 4, 2022. ECF No. 106. The Government responded on October 31, 2022. ECF No. 108.

## DEFENDANT'S GROUNDS TO CONTINUE THE TRIAL

Defendant alleges several grounds in support of his motion to continue the trail date: (a) the need to review bank records of Dr. George Rapier; (b) the need to review transcripts of codefendant Gutierrez's audio interview and FBI 302 interview; (c) the need to review grand jury transcripts; (d) the Government's lack of production of Federal Rule of Evidence 1006 summaries; (e) time needed to develop Defendant's expert testimony; and (f) time needed to

serve a trial subpoena to Dr. Rapier. Only the need to review bank records of Dr. Rapier justifies continuance. Each of Defendant's grounds are considered and discussed below.

### A.  The Need to Review Bank Records of Dr. George Rapier

Defendant contends the Government produced a large volume of bank records regarding the accounts of Dr. Rapier and his wife, including entities owned and/or controlled by the Rapiers, which cover the six-year period of 2013-2018. ECF No. 105 at 3. Defendant and his attorney contend they need additional time to review these records. The Government contends many of the bank records were produced in the initial discovery on November 10, 2021. ECF No. 108 at 2. The Government states some of the Bank of America records, which include accounts associated with Dr. Rapier, were produced on an encrypted compact disc or CD. *Id*. The encrypted records were not successfully uploaded, and therefore not provided in the initial discovery production. *Id*. The Government contends it informed Defendant of the existence of the documents. *Id*. The FBI, which maintained custody of the CD, discovered the problem. *Id*. The Government then re-produced the entire discovery, which included the items that were stored on the encrypted CD. *Id*. Most of the items produced by the Government are records of charitable organizations funded by Dr. Rapier and his wife (Kym Rapier) such as the Blake, Kimberly, the George Rapier Charitable Lead Unitrust, and the Rapier Family Foundation, Bear Bottom Candle Company, the WellMed Charitable Foundation, and two personal accounts of George and Kym Rapier covering a five-year period. *Id*. at 3.

The Court finds that because of the Government's mistake in omitting some of Dr. Rapier's bank records in earlier discovery, Defendant's request for continuance is warranted. The Court, therefore, grants Defendant's motion to continue.

### B.  Codefendant Gutierrez's audio interview and FBI 302 interview

Defendant contends the Government produced two transcripts of audio interviews of codefendant Gutierrez on September 16, 2022. ECF No. 105-1 at 7. The interviews were conducted in June 2020 and are 279 ad 231 pages respectively. *Id.* The Government agrees that Gutierrez was interviewed in June 2020, and the audio recordings were produced on November 10, 2021. ECF No. 108 at 4. The transcripts were never finalized. *Id.* On September 14, 2022, Defense counsel requested draft transcripts and the Government produced the same on September 16th. *Id.* at 5. Defendant is not prejudiced by production of the transcribed version of the audio recordings he had in his possession for over a year.

On September 15, 2022, the Government interviewed Gutierrez in preparation for trial. The FBI prepared a three-page report of the interview and provided to Defense counsel of September 28th. *Id.* The Government contends the report constitutes Jenks Act material and produced it prior to trial (even though it was not obligated to do so). *Id.* The Court agrees with the Government. Defendant is in a less disadvantageous position by the production of the report.

### C.  The Need to Review Grand Jury Transcripts and Additional Discovery

The Government contends it provided the defense with early Jenks Act materials in the form of grand jury transcripts. ECF No. 108 at 6-7. The defense has not provided the Court with any indication that the production of the grand jury transcripts is not a good faith effort on the Government's behalf to provide early access to Jenks Act materials.

### D.  The Government's Lack of Production of Federal Rule of Evidence 1006 Summaries

Defendant again argues that the Government has not produced Fed. R. Evid. 1006 summaries. Defendant has not provided the Court with any authority requiring production of summaries during the discovery phase of litigation. The Court understands the parties have equal

access to the same underlying documents and can prepare summaries for use at trial. A continuance is not warranted for lack of production of Rule 1006 summaries.

### E.  Time Needed to Develop Defendant's Expert Testimony

The Court understands both parties intend to call experts who may offer competing opinions regarding the transactions that lie at the core of the case. Defendant does not provide any reason for retaining an expert at this point in the case. Regardless, Defendant has not explained why his expert cannot be prepared to testify in this case.

### F.  Time Needed to Serve a Trial Subpoena to Dr. Rapier

The Court addressed this issue at the September 7th hearing. To date, Defendant has not provided the Court with a valid reason for not issuing a subpoena to Dr. Rapier. Codefendant Gutierrez served subpoenas on Dr. Rapier and his wife on February 10, 2022. ECF No. 50-2. Defendant did not seek to serve a subpoena on Dr. Rapier until October 19, 2022. ECF No. 108-1. The Court finds Defendant's attempt to serve Dr. Rapier with a subpoena on October 19th an insufficient basis for continuing the trial. Counsel for Dr. Rapier was present at the hearing and accepted service on behalf of Dr. Rapier. They also indicated they intend to issue a Motion to Quash the subpoena by Monday, November 14, 2022.

As discussed in the hearing, most of the reasons the Defendant cites for requesting continuance are without merit, and the Court grants the motion solely because the Government mistakenly omitted some of Dr. Rapier's bank records in earlier production. The Court, therefore, will view unfavorably any future requests for continuance.

## CONCLUSION

After a hearing on the motion and reviewing the parties' briefings, the Court **GRANTS** Defendant's Motion to Continue Trial. ECF No. 105. A revised scheduling order will follow this order.

**IT IS FURTHER ORDERED THAT** the Court **DENIES** Defendant's Motion to Dismiss the Indictment on the record. ECF No. 107. The Courts reasons are described by separate order.

**IT IS FURTHER ORDERED THAT** Defendant's Motion for a *Daubert* Hearing on the Government's Expert Witness is **DENIED** without prejudice. ECF No. 103.

**IT IS FURTHER ORDERED THAT** the Government's motion for leave to file a sur-reply, is **DENIED** as moot since the underlying motion is denied. ECF No. 115.

**IT IS FURTHER ORDERED THAT** the Court **DENIES** Defendant's Motion for Finding of Multiplicity as to Counts 1, 2, and 3. ECF No. 92. The Courts reasons are described by separate order.

**IT IS FURTHER ORDERED THAT** the Court **DENIES** Defendant's Motion to Dismiss Counts 4 and 5. ECF No. 97. The Courts reasons are described by separate order.

**It is so ORDERED.**
**SIGNED this 8th day of November, 2022.**

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE