UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

  *Plaintiff*,

v.                                      Case No. SA-21-CR-00404-JKP

**HECTOR BARRETO,**

  *Defendant*.

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Order Dismissing Indictment Based on Outrageous Government Conduct and Memorandum in Support of the Motion (ECF Nos. 107 and 107-1), the Government's Response (ECF No. 110), and the Government's Notice of Filing Sealed Document in support of its response opposing Defendant's motion (ECF No. 111). On November 7, 2022, the Court held a hearing on the motions. For the reasons set forth below, the Court **DENIES** the Motion to Dismiss (ECF No. 107) and **GRANTS** the Government's request to seal ECF No. 111-1.

### BACKGROUND

Defendant's motion seeks to dismiss all charges based on Defendants' (Hector Barreto and Miguel Gutierrez) provision of services for Erica Giese, a former Assistant United States Attorney, in her effort to secure the nomination for United States Attorney for the Western District of Texas in 2015. Mrs. Giese served as an Assistant United States Attorney in the Western District of Texas from December 10, 2006 until March 15, 2019. ECF No. 110 at 2. She was responsible for criminal prosecutions until September 2017, when she requested a transfer to

the U.S. Attorney's Civil Division. *Id*. After transferring to the Civil Division, Mrs. Giese did not have any investigative or prosecutorial responsibility for criminal matters. *Id*. As explained above, Mrs. Giese resigned from the U.S. Attorney's Office on March 15, 2019, to enter private practice. *Id*.; and ECF No. 110-1. Mr. Barreto was indicted on September 15, 2021. ECF No. 1.

Mrs. Giese was not nominated for the U.S. Attorney position. Mr. Monroe Giese, Erica Giese's husband, is one of the FBI agents who investigated Defendants' (Barreto and Gutirrez) conduct which forms the basis of the indictment in this case. Mrs. Giese's responsibilities in the Criminal division ended on September 2, 2017, and she began her work in the Civil Division on September 3, 2017. ECF No. 110-1. The investigation into Defendant's allegedly illegal conduct began on June 6, 2018. ECF No. 111-1. Defendant's (Barreto) core argument is that the Government is prosecuting him in retaliation for failing to help Erica Giese become the U.S. Attorney for the Western District of Texas. Defendant also alleges governmental misconduct because Mrs. Giese complimented Mr. Joseph Blackwell, one of the AUSAs prosecuting this case, in an article concerning a different high-profile case. ECF No. 107-1 at 12–13.

## DEFENDANT'S GROUNDS FOR DISMISSAL

Defendant's motion is brought pursuant to Fed. R. Crim. P. 12(b)(3)(A) and the Due Process Clause of the Fifth Amendment of the United State Constitution. ECF No. 107 at 2. Defendant alleges the Government violated the Due Process Clause by engaging in outrageous conduct.

"The due process clause protects defendants against outrageous conduct by law enforcement agents … [and] forbids the government to act improperly even against culpable persons." *United States v. Arteaga*, 807 F.2d 424, 426 (5th Cir. 1986). "It is well-established in this circuit that a due process violation will be found only in the rarest and most outrageous

circumstances." *United States v. Tobias*, 662 F.2d 381, 386 (5th Cir. 1981). To establish a due process clause violation, the government conduct must shock the cynical. *United States v. Yater*, 756 F.2d 1058, 1065 (5th Cir. 1985) (stating that outrageous government conduct must be "shocking to the universal sense of justice"; *see also United States v. Sandlin*, 589 F.3d 749, 758 (5th Cir. 2009) ("The standard for proving outrageous governmental conduct is extremely demanding."); ("[A] defendant who asserts the defense of outrageous government conduct has an extremely high burden of proof."). "A defendant cannot avail himself of the defense of outrageous conduct where he has been an active and willing participant in the criminal activity that gave rise to his arrest." *U.S. v. Rodriguez*, 603 F. App'x. 306, 312–313 (5th Cir. 2015). *See also United States v. Posada Carriles*, 541 F.3d 344, 361 (5th Cir. 2008) ("outrageous conduct will not be found when the defendant is an active, willing participant in the criminal conduct that leads to his arrest."); *United States v. Gutierrez*, 343 F.3d 415, 421 (5th Cir. 2003) (requiring a defendant claiming outrageous government conduct to demonstrate "both substantial government involvement in the offense and a passive role by the defendant").

Defendant's claim of outrageous government conduct fails because he has not shown that there was substantial government involvement in the offense and that he played a passive role in the offense. The Fifth Circuit defined the outer limits of permissible government conduct in *United States v. Tobias*, 662 F.2d 381 (5th Cir. 1981). In that case, the Fifth Circuit acknowledged "that government infiltration of criminal activity is a recognized and permissible means of investigation." *Id*. at 386 (internal quotation marks and citation omitted). Here, Defendant argues Mr. Giese exploited his relationship with the Defendants to further his investigation. Applying the *Tobias* standard, the Court finds Defendant's allegations insufficient to establish impermissible government conduct.

3

Furthermore, Defendant cannot show he played a passive role in the offense. The Government has produced a list of transactions beginning in January 2015 and ending in November 2016 between Defendant, codefendant, and a cooperating witness, which support the Government's contention that Defendant improperly received funds designated for use by The Latino Coalition and the Hispanic Business Roundtable Institute. ECF No. 111 at 2–3. Defendant does not dispute the transactions and does not deny his awareness of the transactions. Because Defendant was the president and chairman of The Latino Coalition and the Hispanic Business Roundtable Institute, he would have had knowledge of transactions involving each entity. He would also have knowledge of funds he received from the cooperating witness. Despite his political work for Mrs. Giese, the investigatory work performed by Agent Giese, and Mrs. Giese's acknowledgement of Mr. Blackwell's work as an AUSA, Defendant has not shown the Government's conduct was outrageous. Defendant has not proven the Government was involved in the alleged criminal offense. Therefore, Defendant's claim of outrageous conduct fails.

## CONCLUSION

After a hearing on the motion and reviewing the parties' briefings, the Court **DENIES** Defendant's Motion for Order Dismissing Indictment Based on Outrageous Government Conduct Motion to Continue Trial. ECF No. 107. The Court **GRANTS** the Government's request to seal ECF No. 111-1. **The Clerk is directed to seal document 111-1.**

**It is so ORDERED.**
**SIGNED this 8th day of November, 2022.**

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE