UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

 *Plaintiff*,

**v.**                Case No.  SA-21-CR-00404-JKP

**HECTOR BARRETO,**

 *Defendant*.

## MEMORANDUM OPINION AND ORDER

  Before the Court is Defendant Hector Barreto's Motion for Finding of Multiplicity as to Counts 1, 2 and 3 of the Second Superseding Indictment (ECF No. 92), and Barreto's Motion to Dismiss Counts 4 and 5 (ECF No. 97), and the parties' responsive briefings. (ECF Nos. 98, 100, 102). For the reasons set forth below, the Court **DENIES** Defendant's Motion for Finding of Multiplicity as to Counts 1, 2, and 3 (ECF No. 92), and **DENIES** Defendant's Motion to Dismiss Counts 4 and 5 (ECF No. 97).

## BACKGROUND

  This criminal matter arises from an alleged conspiracy between Barreto and a co-defendant, Miguel Guiterrez, to divert charitable donations for their own personal gain. Specifically, the Government contends Barreto and Guiterrez conspired to solicit donations to two charitable entities they controlled, and then conspired to fraudulently divert donated funds, directly and through third parties, to their own accounts. The defendants are charged with ten counts: Conspiracy to Commit Wire Fraud (Counts 1-3), Conspiracy to Commit Money Laundering (Count 4), Conspiracy to Launder Monetary Instruments (Count 5), Conspiracy to

Defraud the United States (Count 6), and Filing a False Tax Return (Counts 7-10).[1] ECF No. 56. On July 19, 2022, Gutierrez pleaded guilty to Count 1 and Count 9. ECF No. 76.

Barreto now presents the Court with two motions. In his first motion, Barreto argues Counts 1, 2 and 3 of the indictment are multiplicitous and asks the Court to order the Government to either consolidate all three counts into a single count or choose which of the three counts to proceed with and dismiss the other two. The Government avers Counts 1, 2, and 3 represent separate and distinct criminal conspiracies, each requiring its own examination by the jury. In his second motion before the Court, Barreto argues the money laundering counts (Counts 4 and 5) should be dismissed under the merger doctrine because they are based on the same factual allegations as the wire fraud counts (Counts 1, 2, and 3). The Government says all of the conspiracies Barreto is charged with are separate criminal agreements and, therefore, do not merge with each other. For the reasons discussed herein, the Court agrees with the Government's position that Counts 1 through 5 of the indictment represent separate criminal conspiracies and, therefore, denies both of Barreto's motions.

I.     **Motion for Finding of Multiplicity as to Counts 1, 2, and 3**

Counts 1, 2, and 3 of the indictment allege distinct but related criminal schemes. The first scheme (Count 1) involves Barreto allegedly defrauding two donors, Dr. George Rapier (Victim 1) and Wells Fargo (Victim 2). Specifically, Barreto is accused of falsely claiming the victims' donations would be used for charitable purposes when a significant portion of those donations went to Barreto's personal benefit. The second scheme concerns Barreto conspiring to defraud two charities, the Latino Coalition Foundation (Count 2) and the Hispanic Business Roundtable Institute (Count 3), by using false information, such as false and fraudulent invoices, to conceal payments made to benefit Barreto personally. Barreto argues these counts are multiplicitous

---

[1] The tax counts only apply to Gutierrez.

because they all pertain to a single scheme to defraud; however, the Court agrees with the Government's contention that they involve separate and distinct schemes.

"An indictment is multiplicitous if it charges a single offense in separate counts." *United States v. Woerner*, 709 F.3d 527, 538 (5th Cir. 2013). Courts assess multiplicity to avoid violating the Double Jeopardy Clause, which protects against multiple punishments for the same offense. *Id*. at 538–39 (citing *United States v. Ogba*, 526 F.3d 214, 232–33 (5th Cir. 2008)). Courts recognize two types of multiplicity. The first type, which does not apply in this case, arises when a defendant's conduct gives rise to separate counts charged under separate statutes. *Id*. In that scenario, courts apply the *Blockburger* test to determine whether each count requires proof of an element the other does not. *See Blockburger v. United States*, 284 U.S. 299 (1932). The second type of multiplicity challenge, which does apply in this case, "arises when charges for multiple violations of the same statute are predicated on arguably the same criminal conduct." *Woerner*, 709 F.3d at 539. When assessing multiplicity under a single statute, courts ask "whether separate and distinct prohibited acts, made punishable by law, have been committed." *United States v. Planck*, 493 F.3d 501, 503 (5th Cir. 2007).

The *Planck* test involves two steps. First, courts look to the underlying statute to determine the "allowable unit of prosecution," or the *actus reus* of the crime. *Woerner*, 709 F.3d at 539 (citing *United States v. Reedy*, 304 F.3d 358, 365 (5th Cir. 2002)). Next, courts "review the evidence to see how many distinct criminal acts the defendant committed." *Id*. at 540 (citing *United States v. Buchanan*, 485 F.3d 274, 282 (5th Cir. 2007)). In this case, Barreto is charged with conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 & 1349. To prove wire fraud, the government must show a scheme to defraud, use of interstate communications, and criminal intent to defraud. *See* 18 U.S.C. §§ 1343; *see also United States v. Coward*, 595 F.2d

1023 (5th Cir. 1979). Therefore, the *actus reus* under the federal wire fraud statute is use of interstate communications. Indeed, the Fifth Circuit has found that each separate use of wire communication constitutes a separate offense under this statute. *See e.g., Henderson v. United States*, 425 F.2d 134 (5th Cir. 1970); *Sibley v. United States*, 344 F.2d 103 (5th Cir. 1965), *cert. denied* 382 U.S. 945. Because Barreto is charged with conspiracy to commit wire fraud, the Government need not show he actually committed three acts of wire fraud, just that he conspired to do so.

The question before the Court, therefore, is whether the indictment charges Barreto with separate acts of conspiracy to commit wire fraud in Counts 1, 2, and 3. Count 1 charges Barreto with conspiring to induce "individuals and entities to donate money to the Foundation and the Institute by providing false and misleading information and omitting material facts regarding their donations." ECF No. 56 at 4. Count 2 charges Barreto with conspiring to defraud "the Foundation through the use of false, fraudulent, and misleading invoices to conceal payments made from the Foundation to the conspirators, either directly or indirectly." *Id*. at 7. Count 3 charges Barreto with conspiring to defraud "the Institute through the use of false and fraudulent invoices to conceal payments made from the Institute to the conspirators, either directly or through third parties." *Id*. at 9. These counts allege conspiracy to commit three separate acts of wire fraud, namely, the use of intestate communications to: fraudulently induce donations, fraudulently divert funds from the Foundation, and fraudulently divert funds from the Institute. Therefore, the Court agrees with the Government that Counts 1, 2, and 3 of the indictment include "separate and distinct prohibited acts, made punishable by law." *Planck*, 493 F.3d at 503 (5th Cir. 2007). The Court, therefore, denies Barreto's motion for finding of multiplicity as to those three counts.

**II.     Motion to Dismiss Counts 4 and 5**

In his next motion, Barreto argues the Court should dismiss the money laundering counts (Counts 4 and 5) because they are based on the same facts as the wire fraud counts (Counts 1, 2, and 3). Here again, the Government argues all of the conspiracies Barreto is charged with concern different criminal agreements, and thus do not merge with each other. The Government relies on the Fifth Circuit finding in *United States v. Kennedy* that, while wire fraud and money laundering charges will always involve an overarching scheme, that scheme may involve multiple, separate crimes. 707 F.3d 566 (5th Cir. 2013). To determine whether the merger doctrine applies in the money laundering context, courts ask "whether the money laundering crime is based upon the same or continuing conduct of the underlying predicate crime, or whether the crimes are separate and based on separate conduct." *Id*. at 565. Merger may be proven by either (1) demonstrating the underlying crime was incomplete when the money laundering occurred or (2) showing the money laundering transaction was a payment made to cover the costs of the underlying crime. *Id*.

In analyzing this question, the Government's description of the separate counts against Barreto is instructive. ECF No. 104 at 12–13. To summarize, the Government contends Barreto is charged with several different criminal conspiracies, each its own step in an overreaching scheme to enrich Barreto and his co-conspirator. The first conspiracy, and the focus of Count 1, involves illicitly obtaining funds from donors, such as Dr. Rapier and Wells Fargo. This conspiracy was complete when donors wired money to the Foundation and Institute under false pretenses. The second conspiracy, which is the focus of Counts 2 and 3, involves depriving the Foundation and Institute of donations intended to support their missions. This conspiracy was

5

complete when funds were wired from the Foundation and Institute to third parties, again under false pretenses. Finally, Counts 4 and 5 of the indictment involve conspiracies to wire funds back to Barreto. Count 4 involves a conspiracy to conceal payments to Barreto by laundering funds through third parties. Count 5 involves Barreto's alleged violation of the spending statute for receiving funds derived from unlawful activity in excess of $10,000. Thus, the Government's factual allegations support its argument that Barreto is charged with five separate criminal conspiracies.

Applying the *Kennedy* analysis, the Court finds the Government charged Barreto with separate crimes, based on separate conduct in the money laundering charges in Counts 4 and 5 and the wire fraud charges in Counts 1, 2, and 3. Specifically, Barreto's alleged conspiracy to defraud donors, the Institute, and the Foundation was complete at the time that he allegedly conspired to launder funds through third parties and received funds derived from unlawful activity in excess of $10,000. Furthermore, Barreto is charged with receiving those funds for his own personal benefit, not in furtherance of the underlying crime. For these reasons, the Court agrees with the Government that the merger doctrine does not apply in this case. Barreto's motion to dismiss is, therefore, denied.

## CONCLUSION

After reviewing the parties' briefings and the applicable law, the Court finds Counts 1, 2, and 3 of the indictment are not multiplicitous. The Court further finds Counts 4 and 5 should not be merged with Counts 1, 2, and 3. The Court, therefore, **DENIES** Barreto's motion for finding of multiplicity as to Counts 1, 2, and 3 of the indictment (ECF No. 92) and **DENIES** Barreto's motion to dismiss Counts 4 and 5 of the indictment (ECF No. 97).

**It is so ORDERED.**
**SIGNED this 8th day of November, 2022.**

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE